UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| JAMES AND JUDITH MCCLAIN | CIVIL ACTION |
|---|---|
| VERSUS | NO. 09-5806 |
| MOTIVA ENTERPRISES, L.L.C. | SECTION "N" (2) |

## ORDER AND REASONS

Presently before the Court is Defendant, Motiva Enterprises, L.L.C.'s Motion for Summary Judgment (Rec. Doc. 13). For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED** and that Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

This matter arises from a work-related incident occurring on or about July 12, 2008, at the Motiva Convent Refinery, in Convent, Louisiana. On that date, Plaintiff, James McClain ("McClain"), a pipefitter, and other workers were performing maintenance at the VPS-2 A-Heater site at the plant. Tragically, McClain was severely burned when a large amount of steam suddenly and without warning was released from a pipe on which he was working.

It is undisputed that, at the time of the accident, McClain was employed by a contractor, JV Industrial Companies, Ltd. ("JV Industrial"), who was performing turnaround work at the Motiva Refinery pursuant to a written Purchase Agreement ("Agreement") between itself and

Shell Oil Products US, Motiva Enterprises, L.L.C. ("Motiva"), and other entities.[1] Alleging negligence by Motiva, Plaintiffs, McClain and his wife, Judith McClain, filed suit against that entity on July 13, 2009.[2] Plaintiffs allege that Motiva is liable to them for McClain's injuries, as well as for Judith McClain's loss of consortium, because of its negligence.[3]

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir.

---

[1] A copy of the "Agreement" is attached as Exhibit "A" to Motiva's memorandum in support of its motion for summary judgment (Rec. Doc. 13-6).

[2] *See* Petition (Rec. Doc. 1-1) at ¶4.

[3] *See id.* at ¶¶ 4-6.

1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that

evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. <u>Application</u>

With its motion, Motiva seeks dismissal of Plaintiffs' tort claims on the grounds that, at the time of McClain's accident, Motiva was his statutory employer, for purposes of La. R.S. 23:1061(A), and thus is entitled to the protection of the exclusive remedy provisions of La. R.S. 23:1032. In support of this contention, Motiva asserts that: (1) the Shell/Motiva-JV Industrial contract names Motiva as a statutory employer within the meaning of La. R.S. 23:1061; and (2) the work being performed by JV Industrial and their employees was an integral part of or essential to the ability of Motiva's refinery to generate their goods, products, or services.

Opposing the motion, and referencing the Louisiana Fourth Circuit Court of Appeal's decision in *Prejean v. Maintenance Enterprises, Inc.,* 8 So. 3d 766, 773-76 (La. App. 4 Cir. 3/25/09), Plaintiffs argue that certain provisions of the contract between Motiva and JV Industrial do not satisfy the criteria of La. R.S. 23:1061(A)(3). Plaintiffs alternatively argue that, even if Motiva is recognized as McClain's statutory employer for purposes of La. R.S. 23:1061, he still is

4

entitled to pursue tort remedies under the "intentional act" exception set forth in La. R.S. 23:1032.[4]

---

[4]

La. R.S. 23:1061 provides:

A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the

Specifically, Plaintiff argues that, although paragraph 27 of the Agreement "attempts to bestow

> principal to generate that individual principal's goods, products, or services.
>
> B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.

La. R.S. 23:1061(A) and (B) provide, in pertinent part:

> A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
>
>   (b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
>
>   (2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
>
> B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

6

upon Motiva the required contractual designation of 'statutory employer'" for purposes of La. R.S. 23:1061, paragraphs 12.2 and 26.1 of the Agreement are sufficiently contradictory that Motiva should not be allowed the tort immunity otherwise granted to statutory employers.[5] Having carefully reviewed the parties' materials and applicable legal authorities, the Court finds Plaintiffs' arguments to be without merit and that Defendant, Motiva, is entitled to summary judgment in its favor. .

Summarizing, Paragraph 12.2 simply states that "Vendor" – McClain's direct employer, JV Industrial – is responsible for any property damage or personal injury suffered by any of its employees, subcontractors or other representatives that arises from or relates to the performance of the Agreement, and agrees to defend, indemnify, and hold harmless "Buyer." Contractual arrangements between a statutory employer and a direct employer, like ¶12.2, that serve only to allocate ultimate liability *as between themselves*, rather than depriving an injured *employee* of the statutorily protected compensation remedy that he holds and may choose to exercise against *either* employer, are not invalid. Indeed, §1061(B) expressly entitles a principal, who is liable to pay compensation benefits under §1061(A), to indemnity from any person who, independently of that particular statutory provision, otherwise would be required to pay compensation.

Paragraph 26.1 of the Agreement similarly is not problematic. Indeed, that paragraph, along with ¶26.2, immediately precedes ¶27, which serves to bestow statutory employer status on Motiva, and, significantly, begins with the clause: "Except as otherwise expressly set forth herein[.]" In other words, §26.2 serves to preclude employee status for persons such as McClain

---

[5] *See* Plaintiffs' Memorandum in Opposition (Rec. Doc. 16) at p. 6. The provisions of ¶¶ 12.2, 26.1 and 27 of the Agreement are found in Exhibit "A" to Motiva's memorandum in support of its motion for summary judgment (Rec. Doc. 13-6) at pages 8 and 15.

*except* for purposes of the following paragraph, §27, which addresses the statutory employer doctrine set forth in La. R.S. 23:1061.

For these reasons, this Court, does not find that ¶12.2 or ¶26.1 of the Agreement allow Motiva to "escape the [solidary] liability inherent" in a statutory employer designation. *See Prejean,* 8 So.3d at 773. Accordingly, the *Prejean* decision, on which Plaintiffs rely, is factually distinguishable. Furthermore, at least on the showing made, if the Court had found ¶12.2 or ¶26.1 legally impermissible for purposes of Louisiana's Workers' Compensation Act, it would be inclined, as did Judge Vance in *Bertholet v. Murphy Oil*, Civil Action No. 09-4460, 2010 WL 103871, at* 8 (E.D. La. 1/7/10), to simply find the offending provision(s) unenforceable *vis-a-vis* Plaintiffs, rather than also invalidating the otherwise unambiguous and lawful terms of ¶27.

The Court also finds Plaintiffs' second contention – that they are entitled to pursue tort remedies under the "intentional act" exception set forth in La. R.S. 23:1032 – unavailing. With respect to §1032, the Louisiana Supreme Court has determined the words "intentional act" to mean the same as "intentional tort" in the context of civil tort liability. *See, e.g., Reeves v. Structural Pres. Sys.*, 731 So.2d 208, 211 (La.1999). In that context, "intent" means "that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result.'" *Id.* (quoting *Bazley v. Tortorich*, 397 So.2d 475, 480 (La. 1981)). Plaintiffs' petition alleges only negligence by Motiva.[6] Further, in their supplemental

---

[6]   *See* Petition (Rec. Doc. 1-1).

8

memorandum, Plaintiffs refer to the Motiva employees' "negligent failure" to isolate steam generation equipment after having issued a permit for the work just hours before the accident.[7]

Even if the Court overlooks the negligence "labels" expressly used by Plaintiffs, however, action and inaction of the sort at issue here are legally inadequate to create a triable issue relative to whether Motiva's employees desired the harm that occurred to McClain, or knew that it was substantially certain to occur as a result of their actions. *See, e.g., Reeves*, 731 So.2d 208, 211-13 (discussing narrow construction of the intentional act exception); *Zimko v. American Cyanamid*, 905 So.2d 465, 475-80 (La. App. 4 Cir. 6/8/05)(same). Finally, the facts of *Swope v. Columbian Chem. Co.*, 281 F.3d 185 (5th Cir. 2002), on which Plaintiffs seek to rely, render that decision entirely distinguishable. There the plaintiffs "provided a plethora of [cogent] evidence" from which "it could be reasonably inferred that the employer knew to a substantial certainty that the plaintiff was being injured by his employer-required ozone inhalation." *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 378-79 and n.1 (5th Cir. 2006)(describing the evidence that was sufficient to avoid summary judgment in *Swope)*. The same cannot be said here relative to the Motiva employees' alleged failure to act in a manner sufficient to prevent the "sudden[] and without warning" eruption "of a huge blast of steam" that allegedly caused McClain's severe and undisputedly tragic injuries.[8]

---

[7] *See* Plaintiffs' Reply and Supplemental Memorandum (Rec. Doc. 34) at p. 4.

[8] *See* Plaintiffs' Memorandum in Opposition (Rec. Doc. 16) at p. 6.

## CONCLUSION

As stated herein, **IT IS ORDERED** that summary judgment is **GRANTED** in favor of Defendant, Motiva Enterprises, L.L.C. Accordingly, **IT IS ORDERED** that Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 8th day of September 2010.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE